# Supreme Court of Florida

_____

No. SC22-1040

_____

**IN RE: AMENDMENTS TO THE FLORIDA EVIDENCE CODE.**

September 8, 2022

PER CURIAM.

This matter is before the Court on consideration of a fast-track report submitted by The Florida Bar's Code and Rules of Evidence Committee (Committee), recommending the adoption to the extent procedural of a recent amendment to the Florida Evidence Code. _See_ Fla. R. Gen. Prac. & Jud. Admin. 2.140(e). We have jurisdiction. _See_ art. V, § 2(a), Fla. Const.

Earlier this year, the Florida Legislature amended the Florida Evidence Code to include section 90.2035, Florida Statutes (Judicial notice of information taken from web mapping services, global satellite imaging sites, or Internet mapping tools). _See_ ch. 2022-100, § 1, Laws of Fla. Under new section 90.2035, whenever a party intends to offer into evidence information obtained from web

mapping services, global satellite imaging sites, or Internet mapping tools, the party must file with the court a notice of intent that includes copies of any image, map, location, distance, or calculation the party intends to introduce.  § 90.2035, Fla. Stat. (2022).

An opposing party may object to the court taking judicial notice of the information and entering it into evidence, though in civil cases there is a rebuttable presumption that such information should be judicially noticed.  *Id.*  The rebuttable presumption may be overcome if the court finds by the greater weight of the evidence that the information does not fairly and accurately portray what it is being offered to prove or that it otherwise should not be admitted under the Florida Evidence Code.  *Id.*  If the court overrules the objection (in either a civil or criminal case), it must take judicial notice of the information and admit it into evidence.  *Id.*  In criminal cases, the court must then instruct the jury that it may or may not accept the noticed facts as conclusive.  *Id.*

The Committee recommends adopting section 90.2035, as enacted in chapter 2022-100, section 1, Laws of Florida, to the

extent it is procedural.[1]  The Florida Bar's Board of Governors unanimously approved the proposal.

Having considered the Committee's proposal and the relevant legislation, we hereby adopt section 90.2035, Florida Statutes, to the extent it is procedural.  Our adoption of the amendment is effective retroactively to the date the amendment became law.  Because the amendment was not previously published for comment, interested persons shall have seventy-five days from the date of this opinion to file comments with the Court.[2]

_____

1.  *See DeLisle v. Crane Co.*, 258 So. 3d 1219, 1223-24 (Fla. 2018) (recognizing that, with very few exceptions, this Court has traditionally adopted, to the extent procedural, provisions of the Florida Evidence Code as enacted or amended by the Legislature).

2.  All comments must be filed with the Court on or before November 22, 2022, with a certificate of service verifying that a copy has been served on the Committee Chair, Eric A. Hernandez, Post Office Box 531029, Miami, FL 33153, eric@hlmlegal.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, htelfer@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  The Committee Chair has until December 13, 2022, to file a response to any comments filed with the Court.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, and GROSSHANS, JJ., concur.
FRANCIS, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Bar Code and Rules of Evidence Committee

Eric A. Hernandez, Chair, Code and Rules of Evidence Committee, Miami, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

   for Petitioner

---

practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

Chapter 2022-100, Section 1, Laws of Florida:

## 90.2035 Judicial notice of information taken from web mapping services, global satellite imaging sites, or Internet mapping tools.

(1)(a)  Upon request of a party, a court may take judicial notice of an image, map, location, distance, calculation, or other information taken from a widely accepted web mapping service, global satellite imaging site, or Internet mapping tool, if such image, map, location, distance, calculation, or other information indicates the date on which the information was created.

(b)  A party intending to offer such information in evidence at trial or at a hearing must file notice of such intent within a reasonable time, or as defined by court order. The notice must include a copy of the information and specify the Internet address or pathway where such information may be accessed and inspected.

(2)(a)  A party may object to the court taking judicial notice of the image, map, location, distance, calculation, or other information taken from a widely accepted web mapping service, global satellite imaging site, or Internet mapping tool within a reasonable time or as defined by court order.

(b)  In civil cases, there is a rebuttable presumption that information sought to be judicially noticed under this section should be judicially noticed. The rebuttable presumption may be overcome if the court finds by the greater weight of the evidence that the information does not fairly and accurately portray what it is being offered to prove or that it otherwise should not be admitted into evidence under the Florida Evidence Code.

(c)  If the court overrules the objection, the court must take judicial notice of the information and admit the information into evidence.

(3)  In criminal cases, the court must instruct the jury that the jury may or may not accept the noticed facts as conclusive.

(4)  This section does not affect, expand, or limit standards for any matter that may otherwise be judicially noticed.